BABCOCK, GARDINER & CO. *vs.* WILLIAMS.

APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, FOR THE PARISH OF RAPIDES, THE JUDGE THEREOF PRESIDING.

The Supreme Court *held*, in the case of *Lacquet's Heirs* vs. *Peirce*, 5 Louisiana Reports, 361, that the supplemental petition of the heirs and legal representatives of a deceased plaintiff, (even after issue joined,) is in the nature of a revival of the action, rather than an amendment ; and before the defendant can be ruled to trial, he must be notified by service of the new petition and citation.

Where one of the co-plaintiffs in a joint action, died after issue joined, the suit did not abate as to the others ; and an order to revive it in the name of the heirs and legal representatives of the deceased plaintiff being made contradictorily with the defendant: *Held*, that no service of the amended petition, and a citation or notice, on the adverse party, is necessary ; nor even judgment by default is required, in order to proceed to final judgment.

This is an action against Williams and others, as the endorsers and maker of a promissory note. The case was before this court at the October term, 1836, holden at Alexandria, and remanded, to allow the heirs and legal representatives of Henry Babcock, one of the plaintiffs, who, it appears, died before judgment in the District Court, to be made parties. See 10 *Louisiana Reports*, 394.

On the return of the case to the inferior court, and on the death of Babcock being suggested, an order was made directing the suit to be revived in the names of his *heirs and legal representatives*. On the same day, the 9th of November, 1836, an amended petition was filed, setting out the names of said heirs, &c., and praying judgment on behalf of the plaintiffs. Upon this being done at the same term, and without any service of the amended petition, or citation on the defendants, the court proceeded to judgment on the evidence offered in the first trial, which being rendered in favor of the plaintiffs, the defendant, Williams, appealed.

*Dunbar*, for the appellant, assigned for error, on the face of the proceedings, 1st., That the judgment was null, because that since the death of H. Babcock, one of the plaintiffs,

WESTERN DIST.
Oct. 1838.

BABCOCK ET AL.
vs.
WILLIAMS ET AL.

there has been no service of the amended petition of the widow and heirs, on the defendant, nor of citation or notice of the same to him.

2. The defendant has been condemned by default, without having been cited, or judgment taken by default, and that, under these circumstances, no regular judgment could be given against him.

3. This court has already determined, that service of an amended petition and citation, is necessary in cases like this, before the defendant can be required to answer, and be ruled to trial. 5 *Louisiana Reports,* 361.

*Winn, contra.*

*Bullard, J.,* delivered the opinion of the court.

This case is before us upon an assignment of errors. The errors assigned are, that since the death of Henry Babcock, one of the plaintiffs, there has been no service of the amended petition filed by his widow and heirs, and no citation or notice, and that the defendant has been condemned by default without such service of citation, and that no regular judgment by default was taken against him.

In order to understand the true state of the question, it is necessary to premise, that one of the original plaintiffs died, *pendente lite,* and that the District Court proceeded to judgment, notwithstanding a suggestion of his death, which was brought to its knowledge during the trial. That judgment was reversed by this court, on appeal, and the case remanded in order to enable the legal representatives of the deceased partner to make themselves parties to the suit. Accordingly, they came forward, and the court having previously ordered that the suit be revived in the name of the legal representatives of Henry Babcock, presented themselves in that character, and joined the other plaintiffs in claiming judgment, as prayed for in the original petition. On the following day, a judgment by default was taken ; but it does not appear that any service was made or formal notice of this proceeding. The only question, therefore, is, whether the

WESTERN DIST.
Oct. 1838.

BABCOCK ET AL.
vs.
WILLIAMS ET AL.

The Supreme Court *held*, in the case of *Licquet's Heirs* vs. *Peirce*, 5 *Louisiana Reports*, 361, that the supplemental petition of the heirs and legal representatives of a deceased plaintiff, (even after issue joined,) is in the nature of a revival of the action, rather than an amendment; and before the defendant can be ruled to trial, he must be notified by service of the new petition and citation.

Where one of the co-plaintiffs in a joint action, died, after issue joined, the suit did not abate as to the others; and an order to revive it in the name of the heirs and legal representatives of the deceased plaintiff, being made contradictorily with the defendant: *Held*, that no service of the amended petition, and a citation or notice on the adverse party is necessary; nor even judgment by default is required, in order to proceed to final judgment.

law requires a new citation in such cases, together with a copy of amended petition, as it has been called in the argument.

In the case of *Licquet's Heirs* vs. *Peirce*, 5 Louisiana Reports, 361, upon which the counsel for the appellant relies, this court held, that the supplemental petition of the heirs and representatives of a deceased plaintiff, forms a revival of the action, rather than an amendment, and before the defendant can be ruled to trial he must be notified by service of the new petition and citation, or by direct and positive notice to his counsel, (if such would suffice,) in order to answer and plead *de novo*, as the case might require.

That appears to have been a case in which there was but one plaintiff. In the one now before us, one of the co-plaintiffs in a joint action, died, and the suit did not certainly abate as to the others. As to the deceased partner, the suit was ordered to be revived in the name of his heirs, and that order was made contradictorily with the defendant. When the heirs, therefore, presented themselves, and assumed that quality on the record, it suffices, in our opinion, that the opposite party had an opportunity to contest their quality. The error in the first case alluded to, consisted in forcing the defendant into a trial without giving them an opportunity to answer the new allegations. In this, the cause appears to have been tried on the original issues, and the same evidence given on the former trial, was admitted by consent of parties. Having consented to go into a trial, without objecting to the capacity of the new parties, it appears to us the defendant ought not now to complain of the proceedings as erroneous.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.